IN THE UNITED STATES DISTRICT COURT
FOR THE NOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARK GALLIVAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NUMBER: |
| v. ) | |
| ) | |
| ALLIANCE SALES AND MARKETING, ) | |
| INC, d/b/a/ TFB, INC., d/b/a ALLIANCE ) | |
| SALES & MARKETING/NC, INC., ) | |
| and ALLIANCE SALES, INC., ) | |
| ) | PLAINTIFF DEMANDS A |
| Defendants. ) | TRIAL BY JURY |

## COMPLAINT

### JURISDICTION AND VENUE

1. This is a suit to obtain relief for disability discrimination under the American's with Disabilities Act and the ADA Amendments Act ("ADA/ADAAA"), and age discrimination under the Age Discrimination in Employment Act ("ADEA").

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper in that the Defendants employed the Plaintiff the branch office in Birmingham, Jefferson County, Alabama.

## PARTIES

4.  The plaintiff, Mark Gallivan, is a male resident of Birmingham, Jefferson County, Alabama.

5.  Defendant, Alliance Sales and Marketing, Inc., is a domestic corporation doing business at 4956 Valleydale Road; Birmingham, Alabama 35242.

6.  Defendant, TFB, Inc., is a domestic corporation doing business at 4956 Valleydale Road; Birmingham, Alabama 35242, as Alliance Sales & Marketing.

7.  Defendant, Alliance Sales and Marketing/NC, Inc., is a domestic corporation doing business at 4956 Valleydale Road; Birmingham, Alabama 35242.

8.  Alliance Sales and Marketing, Inc.'s website is http://allianceinc.com/

10. On the website http://allianceinc.com/, there is a link for "Careers" instructing interested applicants to contact Careers@allianceSalesInc.com.

11. The "Contact" page on the website for Alliance Sales and Marketing, Inc. identifies the following offices for its locations: Charlotte, NC, Austin, TX, Birmingham, AL, Boise, ID, Brea, CA, Chicago, IL, Cincinnati, OH, Cleveland, OH, Denver, CO, Edison, NJ, Lakeland, FL, Mechanicsburg, PA, Miami, FL, and Warwick, RI.

13. Defendants, upon information and belief, share policies, resources, management, and ownership.

14. Defendants are an integrated enterprise.

15. Defendants served as Plaintiff's joint and/or integrated employers.

16. In 2018, Defendants employed 20 or more persons for 20 calendar weeks or more during the year.

17. Defendants employed Plaintiff from 2004 until his termination on December 13, 2018.

18. Defendants were Plaintiff's employers for purposes of the ADA/ADAAA and ADEA.

## ADMINISTRATIVE REMEDIES

19. Defendants terminated Plaintiff on December 13, 2018.

20. On April 23, 2019, Plaintiff filed his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Exhibit A).

21. On or about April 28, 2015, the EEOC sent a Notice of Charge of Discrimination to the Defendants. A copy is attached as **Exhibit A**.

22. Plaintiff filed his Charge of Discrimination within 180 days of his termination by Defendant.

23. On or about September 6, 2019, the EEOC issued and mailed a Dismissal and Notice of Rights to Plaintiff. A copy of is attached as **Exhibit B**.

24. Plaintiff filed this action within 90 days of receipt of his Notice of Right to Sue.

25. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL ALLEGATIONS

26. Defendants hired Plaintiff in 2004, and Plaintiff was employed as a Vice President until he was fired on December 13, 2018.

27. Plaintiff is 77 years of age.

28. Plaintiff worked out of Defendants' Birmingham, Alabama branch and traveled to Charlette, North Carolina for meetings with Scott Anderson, CEO.

29. On or about December 6, 2018, Plaintiff informed Defendants that he had been diagnosed with cancer and would need to be off work for his treatments.

29. Plaintiff provided Defendants with a copy of his medical treatment plan and Plaintiff requested that he be allowed to work from home when he was required to be off work for medical reasons.

30. Plaintiff was able to perform approximately 90% of his duties from home.

31. Plaintiff's request for accommodation was denied.

32. On December 13, 2018, seven (7) days after Plaintiff informed his employers that he had been diagnosed with cancer, Plaintiff was fired.

33. Plaintiff was replaced by a younger less qualified employee that did not suffer from a disability of have ongoing medical issues.

## COUNT I
## ADA/ADAAA – DISABILITY DISCRIMINATION

34. Plaintiff adopts the above facts in support of this Count.

35. During the events relevant to this action, Plaintiff was a person protected by the ADA/ADAAA.

36. During the events relevant to his action, Plaintiff was qualified for the position he held with Defendants.

37. Defendants subjected Plaintiff to adverse actions, failure to accommodate, discrimination, and termination.

38. Plaintiff's disability and/or perceived disability was a motivating factor in his termination and Defendants failure to accommodate Plaintiff.

39. Defendant's conduct injured Plaintiff.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests the entry of judgment under the ADA/ADAAA, against the Defendants pursuant to an Order awarding:

    a. Back pay;

    b. Compensatory damages in an amount to be determined by a jury;

    c. Punitive damages in an amount to be determined by a jury;

    d. Nominal damages in an amount to be determined by a jury;

    e. Injunctive relief, including training, back pay (plus interest calculated at the applicable interest rates), reinstatement, and/or reasonable front

pay;

f. That relief which is fair, just, and equitable under the circumstances of this case;

g. Reasonable attorney's fees;

h. Pre-judgment interest; and

i. The costs of this suit.

## COUNT TWO
## ADEA – AGE DISCRIMINATION

40. Plaintiff adopts the above facts in support of this Count.

41. During the events relevant to this action, Plaintiff was a person protected by the ADEA.

42. During the events relevant to his action, Plaintiff was qualified for the position he held with Defendants.

43. Defendants subjected Plaintiff to adverse actions, including termination.

44. Plaintiff was terminated in part because of his age, over 40.

45. Defendant's conduct injured Plaintiff.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests the entry of judgment under the ADEA, against the Defendants pursuant to an Order awarding:

a. Back pay;

b. Front pay;

    c.    Liquidated damages;

    d.    Injunctive relief, including training, back pay (plus interest calculated at the applicable interest rates), reinstatement, and/or reasonable front pay;

    e.    That relief which is fair, just, and equitable under the circumstances of this case;

    f.    Reasonable attorney's fees;

    g.    Pre-judgment interest; and

    h.    The costs of this suit.

PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY.

/s/ Cynthia Forman Wilkinson
**CYNTHIA FORMAN WILKINSON**
State Bar I.D. No. ASB-9950-L68C
Attorney for Plaintiff

**OF COUNSEL:**

**WILKINSON LAW FIRM, PC**
215 N. Richard Arrington Jr. Blvd., Suite 301
Birmingham, Alabama 35203
Tel.: (205) 250-7866
Fax: (205) 250-7869
E-mail: wilkinsonefile@wilkinsonfirm.net

PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL:

ALLIANCE SALES AND MARKETING. INC.
Charles R. Stagner
2147 Riverchase Office Road
Birmingham, Alabama 35244

TFB, INC.
Douglas R. Tinney, Sr. and
Gouglas Tinney
2151 Old Rocky Ridge Road
Birmingham, Alabama 35216


ALLIANCE SALES & MARKETING/NC, INC.
Scott Anderson
4956 Valleydale Road #10
Birmingham, Alabama 35242


ALLIANCE SALES, INC.
Charles R. Stagner
2147 Riverchase Office Road
Birmingham, Alabama 35244

# EXHIBIT 1

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | FEPA<br>EEOC | |

and EEOC _____
State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.)<br>Mr. Mark Gallivan | HOME TELEPHONE (Include Area Code) | |
|---|---|---|
| STREET ADDRESS       CITY, STATE AND ZIP CODE | SSN: | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME<br>Alliance Sales & Marketing | NUMBER OF EMPLOYEES, MEMBERS<br>100+ | TELEPHONE (Include Area Code)<br>205-980-9830 | |
|---|---|---|---|
| STREET ADDRESS       CITY, STATE AND ZIP CODE<br>4956 Valleydale Road, Suite 100, Birmingham, AL 35242 | | | COUNTY<br>Jefferson |
| NAME | | TELEPHONE NUMBER (Include Area Code) | |
| STREET ADDRESS       CITY, STATE AND ZIP CODE | | | COUNTY |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

RACE   COLOR   SEX   RELIGION   XX AGE

RETALIATION   NATIONAL ORIGIN   XX DISABILITY   OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)     LATEST (ALL)
12-6-2018 to 12/13/18

CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)): I am 76 years old and I began my employment with the above named employer in January 2004 and was employed as the Vice President until I was fired on December 13, 2018. On December 6, 2018, I informed my employer, Patti Tiney the President and Brad Tinney, that I had been diagnosed with cancer and would need to be out of the office for treatments. I provided my employer my treatment schedule and requested that I be allowed to work from home when I had to be out of the office for medical reasons. I was able to perform approximately 90% of my duties from home. My request for accommodation was denied and I was originally told by my employer not to worry about my job and to take care of the cancer. On December 13, 2018, I was informed by Brad Tinney that my services were no longer needed and I was fired. Younger less qualified employees have not fired and I was replaced by someone that is substantially younger.

I believe that I have been retaliated against and discriminated against in violation of the ADA/ADAAA, and I have been denied a reasonable accommodation and terminated because of my disability and/or perceived disability. I also believe I have been discriminated because of my age, over 40, in violation of the ADEA.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate filling with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

4-22-19        x Mark E. Gallivan
Date           Charging Party (Signature)

x Mark E. Gallivan
SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

RECEIVED APR 23 2019
U.S. EEOC
Birmingham District Office

# EXHIBIT 2

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| **To:** Mark Gallivan [redacted] | **From:** Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street<br>Birmingham, AL 35205 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2019-01958 | MICHAEL G. ALBERT,<br>Investigator | (205) 212-2111 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☒ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

[signature]
BRADLEY A. ANDERSON,
District Director

SEP - 6 2019
(Date Mailed)

cc: **ALLIANCE SALES & MARKETING**
C/o Matthew Tinney, President
4956 Valleydale Road, Suite 100
Birmingham, AL 35242

Cynthia Wilkinson
**WILKINSON LAW FIRM PC**
215 North Richard Arrington Jr Blvd
Suite 200
Birmingham, AL 35203